**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SOMMER SHERWOOD,

Plaintiff,

CASE NO. 6:25-CV-2201-JSS-LHP

vs.

AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS, IA AMERICAN LIFE INSURANCE COMPANY and JOHN DOE TELEMARKETING COMPANY 1-5

Defendants.
_________________________________/

**DEFENDANT, AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS' DISCLOSURE STATEMENT UNDER RULE 7.1, FEDERAL RULES OF CIVIL PROCEDURE, AND LOCAL RULE 3.03 DISCLOSURE**

1. If the filer is a non-governmental corporation, identify any parent corporation and any publicly held corporation holding 10% or more of the filer's shares.

American-Amicable is not a publicly owned company. American-Amicable is a wholly owned subsidiary of Pioneer Security Life Insurance Company, a Texas life insurance company. Pioneer Security Life Insurance Company is a wholly owned subsidiary of IA American Life Insurance Company, also a Texas life insurance company. IA American Life Insurance Company is a wholly owned subsidiary of IA American Holdings Inc., a Delaware corporation. IA American Holdings Inc. is a wholly owned subsidiary of Industrial Alliance Insurance and Financial Services Inc., a Quebec life and health insurance company. Industrial Alliance Insurance and Financial Services Inc. is wholly owned by iA Financial Corporation Inc., a Quebec holding corporation that is publicly traded on the Toronto Stock Exchange

under the ticker IAG.

2. Identify any other entity or natural person — not a party or counsel of record — with an interest the action's outcome might substantially affect.

None other than those disclosed in Answer 1.

3. Identify any lawyer — other than counsel of record — who serves or has served in the action as a lawyer for the filer, who is financially interested in the action, or who might appear as a material witness in the action.

None.

4. If this is a bankruptcy appeal, identify the debtor, the trustee, and the members of the creditors' committee.

N/A

5. Identify any entity or natural person not already disclosed and likely to actively participate in this action.

N/A.

6. Identify any conflict of interest affecting the district judge or the magistrate judge in this action.

N/A.

7. If a pleading or notice of removal asserts diversity jurisdiction under 28 U.S.C. § 1332(a) or supplemental jurisdiction under 28 U.S.C. § 1367(a), state the filer's citizenship.

N/A.

8. If this is a class action under 28 U.S.C. § 1332(d), state the filer's citizenship. If the filer is an unincorporated association, identify the association's principal place of business and the state under whose laws the association is organized.

N/A.

## Certificate

**The filer certifies that the disclosures in this statement are complete and accurate to the best of the filer's knowledge, information, and belief. The filer agrees to revise and supplement the disclosures throughout the pendency of the action to ensure continuing completeness and accuracy.**

Dated: January 12, 2026

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
By: */s/ Shaina Stahl*
Shaina Stahl
Florida Bar No. 77643
390 N. Orange Avenue, Suite 1400
Orlando, FL 32801
(407) 669-4200
shaina.stahl@nelsonmullins.com
shawana.watt@nelsonmullins.com
Katherine.reynolds@nelsonmullins.com
*Attorneys for Defendant, American-Amicable Life Insurance Company of Texas*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on January 12, 2026 which served a copy on the following:

Sommer Sherwood
1848 Morgan's Mill Circle
Orlando, FL 32825
sherwoodsommer1@gmail.com
*Pro Se Plaintiff*

*/s/ Shaina Stahl*
**SHAINA STAHL, ESQ.**