UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOMMER SHERWOOD,

    Plaintiff,

v.                                                                  Case No: 6:25-cv-2201-JSS-LHP

AMERICAN-AMICABLE LIFE
INSURANCE COMPANY OF
TEXAS, IA AMERICAN LIFE
INSURANCE COMPANY, and JOHN
DOE TELEMARKETING
COMPANY 1–5,

    Defendants.
_____/

## **ORDER**

Defendants American-Amicable Life Insurance Company of Texas and IA American Life Insurance Company move to dismiss Plaintiff Sommer Sherwood's complaint, (Dkt. 1), arguing that it was improperly served and fails to state a claim. (Dkt. 11.)  Plaintiff, Sommer Sherwood, proceeding pro se, has not responded to the motion, and the time to do so has now passed.  Upon consideration, for the reasons outlined below, the court grants the motion in part.

## **BACKGROUND**

Defendants are insurance companies that do business in the state of Florida. (*See* Dkt. 1 ¶¶ 11–12, 30.)  According to the complaint, Plaintiff's cellphone number is listed on the National Do Not Call Registry.  (*See id.* ¶¶ 2, 14.)  Still, Defendants made

several unauthorized calls to Plaintiff's cellphone in July 2024. (*See id.*) Plaintiff sued Defendants on November 18, 2025, alleging that their calls violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Florida Telephone Solicitation Act (FTSA), Fla. Stat. § 501.059. (*See* Dkt. 1 ¶¶ 35–64.)

Three days later, Plaintiff attempted to serve Defendants through CT Corporation Systems (CT Corporation), believing it was Defendants' registered agent. (*See* Dkts. 5, 6.) According to Defendants, CT Corporation is not their registered agent and therefore could not have accepted service on their behalf. (*See* Dkt. 11 at 7; Dkt. 11-1 ¶¶ 4–5.) On January 12, 2026, Defendants moved to dismiss this case, arguing that they had not been properly served and that, as a result, the court lacked personal jurisdiction over them. (*See* Dkt. 11.)

Plaintiff then reattempted service. (*See* Dkts. 26, 27.) On March 26, 2026, Plaintiff provided a summons and a copy of the complaint to Florida's Chief Financial Officer, using the Florida Department of Financial Services' website. (*See* Dkts. 26, 27.) Plaintiff thus argues that Defendants have been served in accordance with the Federal Rules of Civil Procedure and Florida law and that, as a result, Defendants' motion is moot. (*See* Dkt. 26 at 3; Dkt. 27 at 3.)

## APPLICABLE LAW

Pro se filings are construed liberally. *Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020). Even so, pro se litigants "must comply with the Federal Rules of Civil Procedure." *LaFavors v. Thayer*, 706 F. App'x 489, 491 (11th Cir. 2017); *accord*

*Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quotation omitted)).

Under Federal Rule of Civil Procedure 4, a plaintiff must ensure that "the summons and complaint [are] served within the time allowed by Rule 4(m)." *Wiley v. Dep't of Veterans Affs.*, 848 F. App'x 886, 887 (11th Cir. 2021); *see Melton v. Wiley*, 262 F. App'x 921, 922 (11th Cir. 2008) ("Proper service on a defendant within the time allowed under Rule 4(m) is a plaintiff's responsibility."). Rule 4 provides that a plaintiff must "properly serve the defendant within 90 days after the complaint is filed." *Dixon v. Blanc*, 796 F. App'x 684, 686 (11th Cir. 2020). Compliance with Rule 4 "is a jurisdictional requirement." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "[A] court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Id.*; *accord Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007) ("Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant."). Accordingly, a party may move to dismiss the case against them under Federal Rule of Civil Procedure 12(b)(5) if they have not been served in accordance with Rule 4. *See Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014); *see also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. 2013) ("If at any time the district court determines that it lacks subject matter jurisdiction, [it] must dismiss the action." (quotation omitted)); *Mallory & Evans*

*Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304 (11th Cir. 2011) ("Federal courts must ensure they have subject matter jurisdiction.").

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim for relief, a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, to satisfy Rule 8(a)(2) and survive a Rule 12(b)(6) challenge, the factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "[a] complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged," *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018), meaning that they "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. To meet this standard, the facts alleged in the complaint must show more than "a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

Complaints that do not contain a short and plain statement of the claim showing that the plaintiff is entitled to relief "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir.

- 4 -

2015).  Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* at 1323.

## ANALYSIS

Defendants raise two principal arguments in moving to dismiss.  (*See* Dkt. 15.) To begin, Defendants argue that this case should be dismissed because Plaintiff did not serve them within the time provided by Rule 4.  (*See id.* at 6–8.)  Defendants also contend that the complaint should be dismissed as a shotgun pleading.  (*See id.* at 8–9.)  The court addresses each argument in turn.

### A.  Service of Process

Defendants argue that the court lacks jurisdiction over this matter because Plaintiff did not serve them with process within 90 days of filing the complaint.  (*See* Dkt. 11 at 6.)  Federal Rule of Civil Procedure 4 governs service of process in federal civil actions.  *See* Fed. R. Civ. P. 4; *West v. Conrail*, 481 U.S. 35, 38 (1987) ("Rule 4 governs the procedure for effecting service and the period within which service must be made.").  Two subsections of that Rule are relevant here.

The first is Rule 4(h), which governs service on domestic corporations, like Defendants.  *See* Fed. R. Civ. P. 4(h); *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 940 (11th Cir. 2017) (explaining that Rule 4(h) governs service of corporations).  Under Rule 4(h), "a plaintiff must serve process on a corporation by delivering the summons and complaint to an officer or authorized agent, or by complying with any means allowed under state law."  *Hunt*, 684 F. App'x at 940 (citing Fed. R. Civ. P. 4(h)(1)).

In Florida, service of corporations is governed by section 48.081, Florida Statutes. *Navas Bar & Grill, Inc. v. Tapias*, 423 So. 3d 495, 498 (Fla. Dist. Ct. App. 2025) ("[S]ection 48.091 tells [Plaintiffs] how to serve corporations." (alteration adopted and quotation omitted)). The statute provides a hierarchy of persons who may accept service on the corporation's behalf. *S.T. v. Hidalgo Corp.*, 832 So. 2d 262, 263–64 (Fla. Dist. Ct. App. 2002) ("Section 48.081(1) specifies a certain hierarchy of individuals upon whom process against a corporation may be served." (citing Fla. Stat. § 48.081(1)). A plaintiff must generally start by attempting service on the corporation's registered agent. *See Danny's Fuel Corp. v. Brinks U.S.*, 395 So. 3d 546, 548 (Fla. Dist. Ct. App. 2024) (observing that Florida law generally requires the first attempt at service of process on a corporation to be directed at the corporation's registered agent).

Section 48.081 does not apply, however, when the defendant to be served is an insurance company. Fla. Stat. § 48.081(4) ("This section does not apply to service of process on insurance companies."); *see Home Life Ins. Co. v. Regueira*, 243 So. 2d 460, 463 (Fla. Dist. Ct. App. 1970) (noting that section 48.081 does not apply to insurance companies, including life insurance companies). Instead, section 624.422, Florida Statutes, designates the state's Chief Financial Officer (CFO) as the corporation's registered agent and requires that service be made through the Florida Department of Financial Services' online portal. Fla. Stat. § 624.422(3) ("Each licensed insurer, whether domestic, foreign, or alien, shall be deemed to have appointed the [CFO] and her or his successors in office as its agent to receive service of all legal process issued against it in any civil action or proceeding in this state; and process so served shall be

valid and binding upon the insurer."); *see* Fla. Stat. § 48.151(3) ("The Department of Financial Services shall create a secure online portal as the sole means to accept service of process on the [CFO] under this section."); *Markovits v. State Farm Mut. Auto. Ins. Co.*, 235 So. 3d 1018, 1020 (Fla. Dist. Ct. App. 2018) (holding that a plaintiff achieves "actual service of process" when the defendant is an insurance company and the plaintiff serves the state's CFO under section 624.422 (citing *Centex-Rodgers Const. Co. v. Hensel Phelps Const. Co.*, 591 So. 2d 1117, 1117 (Fla. Dist. Ct. App. 1992)); *see also Green v. United Servs. Auto. Ass'n*, No. 8:23-CV-1067, 2024 WL 2702120, at *1 n.1 (M.D. Fla. May 24, 2024) ("Service on insurance companies is governed by [section] 624.422."); *Rigby v. Direct Gen. Ins. Co.*, No. 6:22-CV-2109-PGB-DCI, 2023 WL 3479135, at *2 (M.D. Fla. May 16, 2023) (observing that Florida generally permits plaintiffs to serve insurance companies via the state's CFO); *Alexion v. Fed. Ins. Co.*, No. 618CV2112ORL22GJK, 2019 WL 5294937, at *3 (M.D. Fla. Mar. 7, 2019) (concluding that a plaintiff properly served an insurance company, by serving the state CFO, as he was the company's registered agent under Florida law).

Here, Plaintiff initially attempted to serve Defendants through CT Corporation, believing that CT Corporation was Defendants' registered agent for accepting legal process under section 48.091.  (*See* Dkts. 5, 6.)  It was not.  (*See* Dkt. 11-1 ¶¶ 4–5.)  Once Defendants alerted Plaintiff to her mistake, she appears to have identified the proper agent—Florida's CFO—and served Defendants with a summons and a copy of the complaint in accordance with Florida law.  (*See* Dkts. 26, 27.)  *See* Fla. Stat. §§ 48.151(3), 624.422(3).

The second subsection of Rule 4 relevant to this dispute is Rule 4(m), which governs the timeliness of service. *See* Fed. R. Civ. P. 4(m); *Kammona*, 587 F. App'x at 582 ("Rule 4(m) sets forth the time limit within which a plaintiff [must] serve a complaint after the complaint is filed."). Under Rule 4(m), "a plaintiff [must] properly serve the defendant within 90 days after the complaint is filed." *Dixon*, 796 F. App'x at 686 (citing Fed. R. Civ. P. 4(m)). "If the plaintiff fails to do so, the court must dismiss the action or, in its discretion, 'order that service be made within a specified time.'" *Id.* at 686–87 (quoting Fed. R. Civ. P. 4(m)); *accord Kammona*, 587 F. App'x at 582 ("If the plaintiff fails to effect service in compliance with [Rule 4(m)], the court has two options—it can either (1) dismiss the action without prejudice, or (2) order the plaintiff to effect service within a time [that] the court specifies.").

The court's discretion to extend the service deadline depends in part upon whether the plaintiff can show good cause for failing to effectuate timely service. *See Dixon*, 796 F. App'x at 686–87. If the plaintiff provides good cause, "[t]he court *must* extend the time for service." *Id.* at 687 (emphasis added). If the plaintiff does not provide good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). So long as the court considers whether the circumstances warrant an extension of the service deadline, it retains broad "discretion to extend the time for service of process." *Id.* at 1281; *accord D & M Carriers LLC v. M/V Thor Spirit*, 586 F. App'x 564, 571–72 (11th Cir. 2014) ("[T]he court has discretion to extend the time limit [imposed by Rule 4],

even where the plaintiff fails to show 'good cause' for its failure to serve the defendant within the required [90] days."); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) ("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."); *Cross v. McGarity*, 156 F. App'x 136, 136 (11th Cir. 2005) ("A court may grant an extension to serve process for either 'good cause' *or another sufficient ground*." (emphasis added)). If the court elects to extend the service deadline, it exercises similarly broad discretion in determining how much additional time to provide the plaintiff to effect service. *See* Fed. R. Civ. P. 4(m) (providing only that the court may "order that service be made within a specified time"); *see also Henderson v. United States*, 517 U.S. 654, 663 (1996) ("The Federal Rules [of Civil Procedure] . . . convey a clear message: [c]omplaints are not to be dismissed if served within [90] days, *or within such additional time as the court may allow*." (emphasis added)); *In re Cutuli*, 13 F.4th 1342, 1347 (11th Cir. 2021) (concluding that the district court did not abuse its discretion in allowing the plaintiff 845 days to serve process, as the abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment").

As discussed, Plaintiff bore the burden to show good cause for failing to effectuate timely service. *See Dixon*, 796 F. App'x at 686–87. To do this, Plaintiff needed to show that "some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented [timely] service." *Lepone-Dempsey*, 476 F.3d at 1281 (alteration adopted and quotation omitted). In failing to respond to the

- 9 -

motion to dismiss, Plaintiff forfeited her opportunity to make this showing. *See Dixon*, 796 F. App'x at 686–87. Nonetheless, the court must still consider whether other circumstances or facts warrant an extension of time. *Lepone-Dempsey*, 476 F.3d at 1282; *see Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 671 (11th Cir. 2020) ("[E]ven an unopposed motion does not automatically entitle the movant to relief. The district court still must assess the merits of the motion and determine whether relief is warranted under the applicable rules.").

The circumstances of this case warrant an extension of the service deadline. *See Lepone-Dempsey*, 476 F.3d at 1282. Plaintiff did not waste time in attempting to serve Defendants; indeed, she initially attempted service within three days of filing her complaint. (*See* Dkts. 1, 5, 6.) Upon learning that she served the wrong entity, Plaintiff promptly attempted to correct her mistake. (*See* Dkts. 26, 27.) According to the evidence presented, Plaintiff appears to have served Defendants in accordance with state law. *See* Fla. Stat. §§ 48.151(3), 624.422(3). Plaintiff's persistence, coupled with her minimal delay in serving Defendants, warrants an extension of the service deadline. *See In re Cutuli*, 13 F.4th at 1347; *Kammona*, 587 F. App'x at 582 (explaining that a court may "order the plaintiff *to effect service within a time the court specifies*" if they fail to effect service in compliance with Rule 4(m) (emphasis added)); *D & M Carriers LLC*, 586 F. App'x at 571–72; *Cross*, 156 F. App'x at 136; *Williams v. Publix Warehouse*, 151 F.R.D. 428, 433 (M.D. Fla. 1993) (extending the service deadline, in part, because the plaintiff "acted with diligence to comply with the requirements of Rule 4[]."). The

court therefore denies Defendants' motion to dismiss this case for lack of personal jurisdiction.

### B. Shotgun Pleading

The Eleventh Circuit has identified four varieties of shotgun pleadings. *See Weiland*, 792 F.3d at 1321. The most common variety consists of complaints that "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The least common variety covers complaints "that commit[] the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. Defendant argues that the complaint falls within each of these varieties. (*See* Dkt. 11 at 9.)

To start, Defendants contend that the complaint is shotgun pleading because each cause of action is asserted against Defendants collectively. (*See* Dkt. 11 at 9; *see also* Dkt. 1 ¶¶ 36, 41, 45, 50, 52, 56.) Defendants do not develop this argument. (*See* Dkt. 11 at 9.) The cursory nature of their analysis on this point is fatal to their argument, as parties abandon issues that they raise in passing, assert perfunctorily, bury within their briefs, or use merely to support other arguments. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014); *see United States v. Markovich*,

- 11 -

95 F.4th 1367, 1379 (11th Cir. 2024) (concluding that a party forfeited arguments that were not supported by legal authority).

In any event, the court agrees that the complaint is a shotgun pleading of the first variety because each cause of action "incorporates all preceding paragraphs," (*see* Dkt. 1 ¶¶ 35, 39, 44, 49, 51, 55, 59), thereby causing each claim "to carry all that came before and the last count to be a combination of the entire complaint," *Weiland*, 792 F.3d at 1321; *see Smith v. Bos. Sci. Corp.*, No. 3:21-CV-815-MMH-JRK, 2021 WL 11132751, at *1 (M.D. Fla. Aug. 27, 2021) (striking a complaint as a shotgun pleading where each count stated that "[the p]laintiff reallege[d] and incorporate[d] by reference each and every allegation of th[e] [c]omplaint as if each were set forth fully and completely [t]herein"). That is impermissible. *See Weiland*, 792 F.3d at 1321. In drafting her amended complaint, Plaintiff should know that it is not enough to limit each count's incorporation to all facts pleaded in the complaint; Plaintiff must clearly identify which facts apply to each claim and then tie those factual allegations to the elements of the cause of action so that Defendants and the court can understand how the right asserted in that count was violated. *See id.* at 1320 (noting that pleadings must be drafted with sufficient specificity that "the court can determine which facts support which claims"); *Barreth v. Reyes 1, Inc.*, No. 5:19-CV-00320-TES, 2020 WL 4370137, at *9 (M.D. Ga. July 29, 2020) (explaining that a plaintiff must connect the dots between her factual allegations and her alleged causes of action). In doing this, Plaintiff should be mindful that her statement of relevant facts should render the claims plausible and should not include "excessive tangential or irrelevant material." *Ely v.*

*Mobile Cnty. Sch. Bd.*, No. 15-566-KD-M, 2016 WL 3188926, at *8 (S.D. Ala. May 11, 2016).  Because the amended complaint is a shotgun pleading, it must be dismissed.

**CONCLUSION**

Accordingly:

1.  Defendant's motion to dismiss (Dkt. 11) is **GRANTED in part and DENIED in part**.  The motion is **GRANTED** insofar as the complaint (Dkt. 1) is **DISMISSED without prejudice**.  The motion is otherwise **DENIED**.

2.  Plaintiff's motion to amend her complaint (Dkt. 15) is **DENIED as moot**.

3.  Plaintiff may file an amended complaint, correcting the deficiencies identified in this order, on or before June 1, 2026.  The court cautions Plaintiff: "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the deadline to amend expires without the plaintiff amending [the] complaint or seeking an extension of time."  *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719 (11th Cir. 2020).

**ORDERED** in Orlando, Florida, on April 30, 2026.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party