MAY 14 2026 AM10:47
FILED - USDC - FLMD - ORL

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

SOMMER SHERWOOD,

Plaintiff,

v. Case No. 6:25-cv-02201-JSS-LHP

AMERICAN-AMICABLE LIFE

INSURANCE COMPANY OF TEXAS,

Defendant.

_______________________________________/

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Sommer Sherwood, proceeding pro se, files this Amended Complaint against Defendant American-Amicable Life Insurance Company of Texas and alleges as follows:

I. NATURE OF THE ACTION

1. This is a civil action for damages arising from unlawful final-expense insurance telemarketing calls made to Plaintiff's personal cellular telephone number.

2. Plaintiff's telephone number was registered on the National Do Not Call Registry before the calls occurred.
3. Plaintiff made clear do-not-call requests during the call campaign.
4. The calls continued after Plaintiff made do-not-call requests.
5. The same final-expense campaign ultimately transferred Plaintiff to Gregory Moise, an insurance agent appointed with American-Amicable Life Insurance Company of Texas.
6. After the transfer, Gregory Moise verified Plaintiff's information and sent Plaintiff an electronic application link through insuranceapplication.com.
7. The electronic application identified American-Amicable Life Insurance Company of Texas as the insurance company.
8. Plaintiff brings claims under 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(c), 47 C.F.R. § 64.1200(d), and Fla. Stat. § 501.059.

II. JURISDICTION AND VENUE

9. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff brings claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227.
10. This Court has supplemental jurisdiction over Plaintiff's Florida Telephone Solicitation Act claim under 28 U.S.C. § 1367 because that claim arises from

the same calls, same telemarketing campaign, same injuries, and same facts as the TCPA claims.

11. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b) because Plaintiff resides in Orange County, Florida, received the calls in this District, and suffered the injuries in this District.

12. Defendant conducts insurance business in Florida and is authorized to sell insurance products in Florida.

## III. PARTIES

13. Plaintiff Sommer Sherwood is a natural person residing in Orlando, Florida.

14. Plaintiff is the subscriber, owner, and regular user of cellular telephone number 336-901-1506.

15. Plaintiff uses 336-901-1506 for personal, household, and residential purposes.

16. Plaintiff's telephone number 336-901-1506 was registered on the National Do Not Call Registry on August 17, 2023.

17. The calls at issue occurred in July 2024, more than thirty-one days after Plaintiff's number was registered on the National Do Not Call Registry.

18. Defendant American-Amicable Life Insurance Company of Texas is an insurance company that sells life insurance products, including final-expense life insurance products.

19. Defendant is registered to conduct business in Florida as a foreign profit corporation.

20. The electronic application generated after the telemarketing call sequence identified Defendant as the insurance company.

IV. FACTUAL ALLEGATIONS

21. Plaintiff did not request telemarketing calls from Defendant.

22. Plaintiff did not provide prior express written consent for Defendant, its agents, representatives, producers, or any person acting on its behalf to place telemarketing calls to 336-901-1506.

23. Plaintiff did not have an established business relationship with Defendant before the July 2024 calls.

24. Plaintiff did not have an insurance policy with Defendant before the July 2024 calls.

25. Plaintiff did not submit an online lead form authorizing Defendant or anyone acting on its behalf to call 336-901-1506.

26. The calls promoted final-expense insurance.

27. The calls were telephone solicitations because they encouraged the purchase of insurance products and sought to move Plaintiff into an insurance application process.

28. The calls were made from multiple caller-identification numbers.

29. Plaintiff attempted to return calls to the numbers displayed in the caller identification for the calls listed below.

30. Plaintiff's callback attempts did not go through.

31. The displayed telephone numbers were unreachable, invalid, or otherwise did not connect Plaintiff to the caller, telemarketer, seller, or any valid business associated with the final-expense campaign.

32. The use of unreachable or invalid caller-identification numbers prevented Plaintiff from identifying the seller responsible for the calls and prevented Plaintiff from using the displayed numbers to make or confirm do-not-call requests.

33. The calls displayed telemarketing campaign characteristics, including repeated calls from different numbers, attempted transfers, disconnected transfers, and routing to a live insurance agent after qualification.

34. The earlier calls and the July 24, 2024 transfer were part of the same campaign because the calls promoted the same final-expense product, used the same age and qualification questions, targeted the same telephone number, continued after Plaintiff's do-not-call requests, and culminated in the same final-expense application process for American-Amicable.

## V. CALL-BY-CALL FACTS

35. The calls at issue are:

| Date | Time | Number | Key Facts |
|---|---|---|---|
| 7/18/24 | 1:15 PM | 336-946-9267 | Final-expense plan; asked Plaintiff's age; Plaintiff made a clear do-not-call request and ended the call. |
| 7/18/24 | 3:07 PM | 252-680-4116 | Final-expense plan; asked whether Plaintiff was between ages 40 and 80; Plaintiff made a clear do-not-call request; call disconnected. |
| 7/18/24 | 3:55 PM | 336-883-1555 | Final-expense plan; Plaintiff made a clear do-not-call request and ended the call. |
| 7/19/24 | 11:45 AM | 336-946-6327 | Final-expense plan; Plaintiff made a clear do-not-call request and ended the call. |
| 7/22/24 | 4:39 PM | 336-667-7087 | Final-expense plan; asked Plaintiff's age; Plaintiff made a clear do-not-call request; caller stated Plaintiff was too young to qualify. |

| | | | |
|---|---|---|---|
| 7/23/24 | 3:24 PM | 252-350-6298 | Final-expense plan; Plaintiff made a clear do-not-call request and ended the call. |
| 7/24/24 | 3:20 PM | 252-544-9537 | Maria called regarding final-expense insurance, identified Liberty Bankers, collected information, and attempted transfer. |
| 7/24/24 | 4:09 PM | 980-829-1649 | Maria called back regarding the same final-expense insurance matter; call disconnected. |
| 7/24/24 | 4:14 PM | 336-268-9175 | Maria called back and continued attempting to transfer Plaintiff to a licensed insurance agent. |
| 7/24/24 | 4:27 PM | 336-802-2010 | Maria called back and successfully transferred Plaintiff to Gregory Moise with American-Amicable. |

36. Despite Plaintiff's do-not-call requests, the final-expense campaign continued.

37. On July 24, 2024, Plaintiff engaged the caller to identify who was responsible for the repeated final-expense calls.

38. Plaintiff spoke with a representative who identified herself as Maria.

39. Maria discussed final-expense insurance.

40. Maria identified Liberty Bankers in connection with the final-expense call.

41. Maria asked Plaintiff for personal information, including identifying information and payment-related information.

42. Maria attempted multiple transfers to a licensed insurance agent.

43. At approximately 4:27 p.m. on July 24, 2024, Maria successfully transferred Plaintiff to Gregory Moise with American-Amicable.

44. Gregory Moise verified Plaintiff's information.

45. Gregory Moise sent a link to Plaintiff's cellular telephone number for an electronic insurance application.

46. The link opened through insuranceapplication.com.

47. The electronic application was for final-expense life insurance.

48. The electronic application identified American-Amicable Life Insurance Company of Texas.

49. The electronic application identified Gregory Moise as the agent.

50. The electronic application identified Gregory Moise's agent number as 000109867.

51. The electronic application contained Plaintiff's telephone number, 336-901-1506.

52. The electronic application was generated on July 24, 2024, the same date as the Maria callback and transfer sequence.

53. Florida Department of Financial Services records identify Gregory Moise as a licensed insurance agent.

54. Florida Department of Financial Services records show Gregory Moise was appointed with American-Amicable Life Insurance Company of Texas before the July 24, 2024 transfer and application.

55. Gregory Moise's appointment with American-Amicable Life Insurance Company of Texas was active during the July 24, 2024 application event.

56. Plaintiff did not independently seek out Gregory Moise.

57. Plaintiff did not independently request an American-Amicable final-expense application.

58. Plaintiff received the application because the repeated final-expense telemarketing campaign routed Plaintiff to Gregory Moise.

## VI. LOGICAL BRIDGE, AGENCY, RATIFICATION, AND BENEFIT FACTS

59. The July 24, 2024 transfer to Gregory Moise is the anchor event connecting the repeated final-expense calls to American-Amicable because the same final-expense campaign that repeatedly called Plaintiff routed Plaintiff into an American-Amicable application handled by American-Amicable's appointed agent.

60. Before the transfer, Plaintiff received repeated calls promoting final-expense insurance.

61. The calls used age and qualification questions to determine whether Plaintiff could be moved toward a final-expense insurance application.

62. Plaintiff made clear do-not-call requests during the campaign.

63. The campaign continued after Plaintiff made those requests.

64. Maria repeatedly called Plaintiff back on July 24, 2024 to complete a transfer to a licensed insurance agent.

65. Maria successfully transferred Plaintiff to Gregory Moise.

66. Gregory Moise was appointed with American-Amicable at the time of the transfer.

67. Gregory Moise verified Plaintiff's information.

68. Gregory Moise sent Plaintiff an American-Amicable application link through insuranceapplication.com.

69. The application identified American-Amicable Life Insurance Company of Texas as the insurance company.

70. The application identified Gregory Moise as the agent.

71. The application contained Plaintiff's telephone number.

72. American-Amicable received the benefit of the lead because its appointed agent received Plaintiff after the transfer, verified Plaintiff's information,

and generated an American-Amicable application from the information obtained through the call sequence.

73. American-Amicable accepted the lead when its appointed agent proceeded with the application after the telemarketing transfer.

74. By accepting the transferred lead and allowing its appointed agent to proceed with an American-Amicable application, American-Amicable accepted the benefit of the telemarketing conduct that produced the application opportunity.

75. The facts connecting the calls to American-Amicable are the repeated final-expense pitch, the age and qualification questions, Plaintiff's do-not-call requests, Plaintiff's unsuccessful callback attempts to the displayed numbers, Maria's intake, Maria's repeated callbacks, the successful transfer to Gregory Moise, Gregory Moise's American-Amicable appointment, the insuranceapplication.com link, and the American-Amicable application.

## VII. COUNT I

## TCPA NATIONAL DO NOT CALL REGISTRY

## 47 U.S.C. § 227(c) AND 47 C.F.R. § 64.1200(c)

## AGAINST AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS

76. For Count I only, Plaintiff relies on the party allegations in paragraphs 13 through 20, the no-consent and DNC facts in paragraphs 21 through 34, the call-by-call facts in paragraphs 35 through 58, and the logical-bridge facts in paragraphs 59 through 75. Plaintiff does not incorporate any other paragraphs into Count I.

77. Plaintiff's telephone number 336-901-1506 was registered on the National Do Not Call Registry on August 17, 2023.

78. Plaintiff received more than one telephone solicitation within a twelve-month period.

79. The calls were telephone solicitations because they promoted final-expense insurance and attempted to move Plaintiff into an insurance application process.

80. Plaintiff did not provide prior express invitation or permission for the calls.

81. Plaintiff did not have an established business relationship with American-Amicable.

82. The earlier calls are part of the same actionable campaign because they promoted the same final-expense product, used the same age and qualification questions, continued after Plaintiff's do-not-call requests, and culminated in the July 24, 2024 transfer to American-Amicable's appointed agent and American-Amicable application.

83. The calls were made by or on behalf of American-Amicable because the campaign culminated in a transfer to American-Amicable's appointed agent, Gregory Moise, and an American-Amicable final-expense insurance application.

84. American-Amicable accepted and benefited from the lead generated by the calls.

85. American-Amicable violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) by making or causing more than one telephone solicitation to Plaintiff's National Do Not Call Registry number within a twelve-month period.

86. Plaintiff was harmed by the calls through invasion of privacy, aggravation, nuisance, wasted time, disruption, and frustration.

87. Plaintiff seeks statutory damages of $500 per violation.

88. Plaintiff seeks treble damages up to $1,500 per violation because the violations were willful or knowing.

VIII. COUNT II

TCPA INTERNAL DO-NOT-CALL REQUEST VIOLATIONS

47 U.S.C. § 227(c) AND 47 C.F.R. § 64.1200(d)

AGAINST AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS

89. For Count II only, Plaintiff relies on the Plaintiff and phone-number facts in paragraphs 13 through 16, the no-consent and call-campaign facts in paragraphs 21 through 34, the do-not-call request and continued-call facts in paragraphs 35 through 58, and the logical-bridge facts in paragraphs 59 through 75. Plaintiff does not incorporate any other paragraphs into Count II.

90. Plaintiff made clear do-not-call requests during the final-expense call campaign.

91. Plaintiff made clear do-not-call requests during each of the first six calls on July 18, July 19, July 22, and July 23, 2024.

92. The earlier calls are part of the same actionable campaign because they promoted the same final-expense product, used the same age and qualification questions, continued after Plaintiff's do-not-call requests, and culminated in the July 24, 2024 transfer to American-Amicable's appointed agent and American-Amicable application.

93. The final-expense campaign continued after Plaintiff made the do-not-call requests.

94. Plaintiff received additional final-expense calls after making the do-not-call requests.

95. The additional calls included the July 24, 2024 call sequence that culminated in a transfer to Gregory Moise with American-Amicable.

96. American-Amicable and persons acting on its behalf failed to honor Plaintiff's do-not-call requests.

97. The continued calls after Plaintiff's do-not-call requests show that American-Amicable and persons acting on its behalf failed to follow procedures reasonably designed to prevent further calls to a consumer who made do-not-call requests.

98. American-Amicable and persons acting on its behalf violated 47 C.F.R. § 64.1200(d).

99. Plaintiff was harmed by the calls through invasion of privacy, aggravation, nuisance, wasted time, disruption, and frustration.

100. Plaintiff seeks statutory damages of $500 per violation.

101. Plaintiff seeks treble damages up to $1,500 per violation because the violations were willful or knowing.

IX. COUNT III

FLORIDA TELEPHONE SOLICITATION ACT

Fla. Stat. § 501.059

AGAINST AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS

102. For Count III only, Plaintiff relies on the Plaintiff and phone-number facts in paragraphs 13 through 16, the no-consent and telemarketing facts in paragraphs 21 through 34, the call-by-call facts in paragraphs 35 through 58, and the logical-bridge facts in paragraphs 59 through 75. Plaintiff does not incorporate any other paragraphs into Count III.

103. Plaintiff is a Florida consumer.

104. Plaintiff's telephone number 336-901-1506 is a personal cellular telephone number used for personal, household, and residential purposes.

105. The calls were telephonic sales calls because they promoted final-expense insurance and attempted to move Plaintiff into an insurance application process.

106. The calls were unsolicited.

107. Plaintiff did not provide prior express written consent for American-Amicable or persons acting on its behalf to place telephonic sales calls to 336-901-1506.

108. Plaintiff never signed a written agreement authorizing American-Amicable or anyone acting on its behalf to place telephonic sales calls to 336-901-1506 using an automated system.

109. Plaintiff did not have a prior business relationship with American-Amicable.

110. The calls involved an automated system for the selection or dialing of telephone numbers and an automated transfer process used to route qualified consumers to a live insurance agent.

111. Plaintiff observed automated telemarketing characteristics, including repeated calls from different numbers, call-transfer attempts, disconnected transfers, and routing to a live insurance agent after qualification.

112. The calls also used caller-identification numbers that Plaintiff attempted to call back but that were unreachable, invalid, or did not connect Plaintiff to the caller, telemarketer, seller, or any valid business associated with the final-expense campaign.

113. The earlier calls are part of the same actionable campaign because they promoted the same final-expense product, used the same age and qualification questions, continued after Plaintiff's do-not-call requests, and culminated in the July 24, 2024 transfer to American-Amicable's appointed agent and American-Amicable application.

114. The calls were made by or on behalf of American-Amicable because the campaign culminated in a transfer to American-Amicable's appointed agent, Gregory Moise, and an American-Amicable final-expense insurance application.

115. American-Amicable accepted, used, and benefited from the telephonic sales calls by receiving and processing the lead generated by the campaign.

116. American-Amicable violated Fla. Stat. § 501.059.

117. Plaintiff was harmed by the calls through invasion of privacy, aggravation, nuisance, wasted time, disruption, and frustration.

118. Plaintiff seeks statutory damages of $500 per violation.

119. Plaintiff seeks treble damages up to $1,500 per violation because the violations were willful or knowing.

## X. DAMAGES

120. Plaintiff seeks statutory damages for each unlawful call.

121. Plaintiff seeks treble damages for willful or knowing violations.

122. The violations were willful or knowing because Plaintiff's number was registered on the National Do Not Call Registry, Plaintiff made clear do-not-call requests, Plaintiff had not consented to the calls, the calls continued after Plaintiff's do-not-call requests, the displayed numbers were unreachable or invalid when Plaintiff attempted to return the calls, and the campaign continued until Plaintiff was transferred into American-Amicable's application process.

123. Plaintiff does not seek duplicative recovery for the same call under overlapping statutes but seeks all statutory damages allowed for each proven violation.

124. Plaintiff seeks the maximum statutory damages available for each proven violation.

## XI. EXHIBITS

125. Plaintiff attaches the following exhibits in support of this Amended Complaint:

A. Exhibit A — Call Log;

B. Exhibit B — National Do Not Call Registry Confirmation;

C. Exhibit C — eSign / insuranceapplication.com Application;

D. Exhibit D — Gregory Moise License and Appointment Record; and

E. Exhibit E — American-Amicable Florida Entity and/or License Record.

126. Plaintiff has redacted sensitive personal information from the exhibits, including full Social Security numbers, full bank account numbers, full routing numbers, full dates of birth, and any full financial identifiers.

## XII. DEMAND FOR JURY TRIAL

127. Plaintiff demands a trial by jury on all issues so triable.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant American-Amicable Life Insurance Company of Texas and award:

A. Statutory damages under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c);

B. Statutory damages under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d);

C. Statutory damages under Fla. Stat. § 501.059;

D. Treble damages for willful or knowing violations;

E. Costs of this action; and

F. Such other relief as the Court deems just and proper.

## XIV. REQUEST FOR LEAVE TO AMEND

128. If the Court determines that any portion of this Amended Complaint remains deficient, Plaintiff respectfully requests leave to amend to correct any deficiency identified by the Court.

DATED: ____________________, 2026

Respectfully submitted,

/s/ Sommer Sherwood

Sommer Sherwood

1848 Morgan's Mill Circle

Orlando, FL 32825

Telephone: 336-901-1506

Email: sherwoodsommer1@gmail.com

Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14 day of May, 2026, a true and correct copy of the foregoing Amended Complaint and attached exhibits was served by email and/or U.S. Mail on counsel for Defendant:

Shaina Stahl

Nelson Mullins Riley & Scarborough LLP

390 N. Orange Avenue, Suite 1400

Orlando, FL 32801

shaina.stahl@nelsonmullins.com

/s/ Sommer Sherwood

Sommer Sherwood

| DATE | TIME | NUMBER | NOTES |
|---|---|---|---|
| 7/18/24 | 1:15 PM | 336-946-9267 | Unauthorized automated solicitation for final expense - Do Not Call Request made |
| 7/18/24 | 3:07 PM | 252-680-4116 | Unauthorized automated solicitation for final expense - Do Not Call Request made |
| 7/18/24 | 3:55 PM | 336-883-1555 | Unauthorized automated solicitation for final expense - Do Not Call Request made |
| 7/19/24 | 11:45 AM | 336-946-6327 | Unauthorized automated solicitation for final expense - Do Not Call Request made |
| 7/22/24 | 4:39 PM | 336-667-7087 | Unauthorized automated solicitation for final expense - Do Not Call Request made |
| 7/23/24 | 3:24 PM | 252-350-6298 | Unauthorized automated solicitation for final expense - Do Not Call Request made |
| 7/24/24 | 3:20 PM | 252-544-9537 | Unauthorized automated solicitation for final expense - engaged to find out who was reponsible for call - spoke with maria - call was disconnected during transfer |
| 7/24/24 | 4:09 PM | 980-829-1649 | Unauthorized automated solicitation for final expense - Maria called back - call was disconnected again |
| 7/24/24 | 4:14 PM | 336-268-9175 | Unauthorized automated solicitation for final expense - Maria called back - call was disconnected again |
| 7/24/24 | 4:27 PM | 336-802-2010 | Unauthorized automated solicitation for final expense - Maria called back - transferred to Moise w/ american amicable - I was told I don't qualify so I gave the phone to my fiance Mahdiabdul Wilkerson, who provided the agent with pseudonym Michael Moore in order to receive proof of responsible party. Moise sent for application link to my phone - Documents confirm American Amicable Life Insurance Company of Texas. insuranceapplication.com. |
| | | | https://www.insuranceapplication.com/AppPage/index.html |

Gmail

modern fam <modernfam2025@gmail.com>

# National Do Not Call Registry - Your Registration Is Confirmed

1 message

**Verify@donotcall.gov** <Verify@donotcall.gov> Tue, Jul 15, 2025 at 3:33 PM
To: modernfam2025@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1506 on August 17, 2023. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

*******************************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

Read through the app below before signing

**FINAL EXPENSE** **AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS** M1976768

[redacted]

INTERVIEW NOT REQ

[redacted] elephone interview completed ☐ Yes ☒ No

[redacted]

Name/Address Secondary Addressee (for notice of possible lapse due to nonpayment of premiums):

nA [redacted]

☒ [redacted]

Owner: Name______________________________ Relationship______________ [redacted]

| [redacted] Relationship | Contingent Beneficiary | Relationship |
|---|---|---|
| [redacted]rother | | |

Plan: __________ **Face Amount of Insurance $** 10000

☒ Immediate Death Benefit

☐ Graded Death Benefit (Percentage of Face Amount)

☐ Return of Premium Death Benefit

☒ Check here if you are willing to accept any plan for which you qualify based on this application. The insurance for which you qualify may have a graded or return of premium death benefit for the first two (2) or three (3) years, a face amount less than any indicated on this application, and riders may not be available.

During the past 12 months have you used tobacco in any form (excluding occasional pipe and cigar use)? ☐ Yes ☒ No

Rider: ☐ Grandchild/Great Grandchild Coverage ____ Number of Children Applying ____ Units ☐ Other ______ | Automatic Premium Loan

[redacted]

Licensee Search

# Licensee Detail

**License #:** G021539

**Full Name:** MOISE, GREGORY

**Business Address:** 1810 SW 81ST AVE 2103
NORTH LAUDERDALE,
FL 33068

**Mailing Address:** 1810 SW 81ST AVE 2103
NORTH LAUDERDALE,
FL 33068

**Email:** GREGORY.MOISE@GMAIL.COM

**Phone:** (954) 756-2454

**County:** Broward

**NPN #:** 20786270

## Continuing Education Statistics

**CE Due Date:** 9/30/2025

**Continuing Education Status:** Compliant

**Number of Hours Required:** 24

**Number of Hours Completed:** 24

## Valid Licenses

| Type | Issue Date | Qualifying Appointment |
|---|---|---|
| LIFE INCL VAR ANNUITY & HEALTH (0215) | 7/17/2023 | YES |

## Active Appointments

### LIFE INCL VAR ANNUITY & HEALTH (0215)

| Company Name | Issue Date | Exp Date |
|---|---|---|
| TIER ONE INSURANCE COMPANY | 10/3/2024 | 9/30/2027 |
| ROYAL | 9/25/2023 | 9/30/2027 |

| | | |
|---|---|---|
| NEIGHBORS OF AMERICA | | |
| LIBERTY BANKERS LIFE INSURANCE COMPANY | 9/26/2023 | 9/30/2027 |
| AMERICAN GENERAL LIFE INSURANCE COMPANY | 9/27/2023 | 9/30/2027 |
| AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS | 6/6/2024 | 9/30/2026 |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY | 4/25/2024 | 9/30/2026 |

**LIFE (0216)**

| Company Name | Issue Date | Exp Date |
|---|---|---|
| ACCENDO INSURANCE COMPANY | 9/26/2023 | 9/30/2027 |
| SAVINGS BANK MUTUAL LIFE INSURANCE COMPANY OF MASSACHUSETTS (THE) | 6/12/2024 | 9/30/2026 |
| CICA LIFE INSURANCE COMPANY OF AMERICA | 6/26/2024 | 9/30/2026 |

**LIFE & HEALTH (0218)**

| Company Name | Issue Date | Exp Date |
| --- | --- | --- |
| TRANSAMERICA LIFE INSURANCE COMPANY | 10/2/2024 | 9/30/2027 |

**HEALTH (0240)**

| Company Name | Issue Date | Exp Dat |
| --- | --- | --- |
| AETNA HEALTH INC. | 6/15/2025 | 9/30/202 |
| OSCAR INSURANCE COMPANY OF FLORIDA | 5/19/2025 | 9/30/202 |
| UNITEDHEALTHCARE OF FLORIDA, INC. | 8/19/2025 | 9/30/202 |
| MOLINA HEALTHCARE OF FLORIDA, INC. | 4/29/2024 | 9/30/202 |

## Invalid Licenses

No invalid licenses found.

## Inactive Appointments

**LIFE INCL VARIABLE ANNUITY (0214)**

| Company Name | Issue Date | Exp Date | Statu Date |
| --- | --- | --- | --- |
| S.USA LIFE INSURANCE COMPANY, INC. | 9/22/2023 | 9/30/2025 | 3/27/ |

**HEALTH (0240)**

| Company Name | Issue Date | Exp Dat |
|---|---|---|
| CELTIC INSURANCE COMPANY | 9/19/2023 | 9/30/202 |
| SUNSHINE STATE HEALTH PLAN, INC. | 9/19/2023 | 9/30/202 |
| UNITEDHEALTHCARE OF FLORIDA, INC. | 7/7/2024 | 9/30/202 |

Copyright © Florida Department of Financial Services 2025

FLORIDA DEPARTMENT Of STATE DIVISION OF CORPORATIONS

Sunbiz.org DIVISION of CORPORATIONS
*an official State of Florida website*

Department of State / Division of Corporations / Search Records / Search by Entity Name /

## Detail by Entity Name

Foreign Profit Corporation
AMERICAN-AMICABLE LIFE INSURANCE COMPANY

**Filing Information**

| | |
|---|---|
| **Document Number** | 803508 |
| **FEI/EIN Number** | 75-1035531 |
| **Date Filed** | 05/09/1929 |
| **State** | AL |
| **Status** | INACTIVE |
| **Last Event** | MERGER |
| **Event Date Filed** | 08/21/1979 |
| **Event Effective Date** | NONE |

**Principal Address**

425 AUSTIN AVE.
WACO, TX 76703

**Mailing Address**

425 AUSTIN AVE.
WACO, TX 76703

**Registered Agent Name & Address**

CHIEF FINANCIAL OFFICER
P O BOX 6200 (32314-6200)
200 E. GAINES ST
TALLAHASSEE, FL 32399-0000

Name Changed: 03/17/2003

Address Changed: 03/17/2003

**Officer/Director Detail**

**Name & Address**

Title PD

BURKS, JERRY DALE
425 AUSTIN AVE.
WACO, TX

Title V

YOUNG, ROBERT BUNNELL
425 AUSTIN AVE.
WACO, TX

Title V

GILES, MAURICE RAY
425 AUSTIN AVE.
WACO, TX

Title V

HULME, RICHARD WAYNE
425 AUSTIN AVE.
WACO, TX

Title V

PEAVY, SHELBY LAND
425 AUSTIN AVE.
WACO, TX

Title ST

DOVER, JAMES BURRELL
425 AUSTIN AVE.
WACO, TX

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 1977 | 03/30/1977 |
| 1978 | 08/11/1978 |
| 1979 | 06/28/1979 |

**Document Images**

**No images are available for this filing.**

Florida Department of State, Division of Corporations