**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SOMMER SHERWOOD,

Plaintiff,

CASE NO. 6:25-CV-2201-JSS-LHP

vs.

AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS

Defendant.
_________________________________/

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant American-Amicable Life Insurance Company of Texas ("American-Amicable") by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses in response to Plaintiff's Amended Complaint. As a threshold matter, each and every allegation in the Amended Complaint is expressly denied unless specifically admitted, qualified, or explained herein. American-Amicable states as follows:

## ANSWER

### NATURE OF THE ACTION

1. Responding to Paragraph 1, American-Amicable admits only that this is a civil action for damages. American-Amicable denies any allegations in

Paragraph 1 that American-Amicable made any allegedly unlawful final-expense insurance telemarketing calls to Plaintiff's personal cellular telephone number or that such calls were made on its behalf.

2. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore, denies the same.

3. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore, denies the same.

4. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore, denies the same.

5. Responding to Plaintiff's allegation in Paragraph 5 that "[t]he same final-expense campaign ultimately transferred Plaintiff to Gregory Moise," American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore, denies the same. Responding to Plaintiff's allegation in Paragraph 5 that Gregory Moise is an insurance agent appointed with American-Amicable, American-Amicable incorporates Exhibit D of the Amended Complaint and denies any allegation inconsistent therewith. American-Amicable denies any remaining allegation in Paragraph 5.

6. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 6, and therefore, denies the same.

7. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 7, and therefore, denies the same.

8. Responding to Paragraph 8, American-Amicable acknowledges that Plaintiff brings claims under 47 U.S.C. § 227(c) of the Telephone Consumer Protection Act ("TCPA"); 47 C.F.R. § 64.1200(c) and (d) of the TCPA's implementing regulations, and Fla. Stat. § 501.059 of the Florida Telephone Solicitation Act ("FTSA"). American-Amicable denies it has any liability to Plaintiff under any of the cited statutes or regulations.

## JURISDICTION AND VENUE

9. The allegations in Paragraph 9 regarding whether the Court has jurisdiction over Plaintiff's TCPA claims call for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable denies the allegations because Plaintiff lacks standing to bring the claims against American-Amicable.

10. The allegations in Paragraph 10 regarding whether the Court has supplemental jurisdiction over Plaintiff's FTSA claims call for a legal conclusion to

which no response is necessary. To the extent a response is required, American-Amicable denies the allegations because Plaintiff lacks standing to bring the claims against American-Amicable.

11. The allegations in Paragraph 11 regarding whether venue in this Court is proper calls for a legal conclusion to which no response is necessary.

12. Responding to Paragraph 12, American-Amicable admits only that it is authorized to conduct the business of insurance in the state of Florida and that it has issued life insurance policies to residents of Florida. American-Amicable denies any allegations in Paragraph 12 inconsistent with the above.

## PARTIES

13. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore, denies the same.

14. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore, denies the same.

15. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore, denies the same.

16. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore, denies the same.

17. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore, denies the same.

18. Responding to Paragraph 18, American-Amicable states that it is an insurance company that issues life insurance policies. American-Amicable denies any allegations in Paragraph 18 inconsistent with the above.

19. Responding to Paragraph 19, American-Amicable states that it is an insurance company organized and incorporated under the laws of the State of Texas, with its principal place of business in the State of Texas and that it is licensed to do business in the state of Florida.

20. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 20, and therefore, denies the same.

## FACTUAL ALLEGATIONS

21. Responding to Paragraph 21, American-Amicable states that it is unaware of any request from Plaintiff made to American-Amicable asking to receive telemarketing calls. American-Amicable further states that it did not direct,

authorize, or initiate any telemarketing calls to Plaintiff. American-Amicable denies any allegations in Paragraph 21 inconsistent with the above.

22. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 22, and therefore, denies the same.

23. Responding to Paragraph 23, American-Amicable states only that it has no record of a prior application for life insurance submitted by Plaintiff or subsequent policy that was issued. American-Amicable denies any allegations in Paragraph 23 inconsistent with the above.

24. American-Amicable admits the allegations in Paragraph 24.

25. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore, denies the same.

26. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore, denies the same.

27. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore, denies the same.

28. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore, denies the same.

29. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore, denies the same.

30. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore, denies the same.

31. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore, denies the same.

32. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore, denies the same.

33. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore, denies the same.

34. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 34, and therefore,

denies the same. Further responding to Paragraph 34, American-Amicable denies that it engaged or participated in the alleged final-expenses telephone campaign or that such campaign was on its behalf.

**CALL-BY-CALL FACTS**

35. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore, denies the same.

36. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore, denies the same.

37. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore, denies the same.

38. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore, denies the same.

39. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore, denies the same.

40. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore, denies the same.

41. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore, denies the same.

42. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore, denies the same.

43. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore, denies the same.

44. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore, denies the same.

45. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore, denies the same.

46. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore, denies the same.

47. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore, denies the same.

48. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore, denies the same.

49. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore, denies the same.

50. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore, denies the same.

51. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore, denies the same.

52. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore, denies the same.

53. Responding to Paragraph 53, American-Amicable incorporates by reference Exhibit D to the Amended Complaint, which reflects publicly available Florida Department of Financial Services licensure information, and denies any allegation inconsistent therewith.

54. Responding to Paragraph 54, American-Amicable incorporates by reference Exhibit D to the Amended Complaint and denies any allegation inconsistent therewith.

55. Responding to Paragraph 55, American-Amicable incorporates by reference Exhibit D to the Amended Complaint and denies any allegation inconsistent therewith.

56. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 56, and therefore, denies the same.

57. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 57, and therefore, denies the same.

58. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore, denies the same.

## LOGICAL BRIDGE, AGENCY, RATIFICATION, AND BENEFIT FACTS

59. American-Amicable denies the allegations in Paragraph 59.

60. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 60, and therefore, denies the same.

61. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 61, and therefore, denies the same.

62. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 62, and therefore, denies the same.

63. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 63, and therefore, denies the same.

64. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 64, and therefore, denies the same.

65. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 65, and therefore, denies the same.

66. Responding to Paragraph 66, American-Amicable incorporates by reference Exhibit D to the Amended Complaint and denies any allegation inconsistent therewith.

67. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 67, and therefore, denies the same.

68. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 68, and therefore, denies the same.

69. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 69, and therefore, denies the same.

70. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 70, and therefore, denies the same.

71. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 71, and therefore, denies the same.

72. American-Amicable denies the allegations in Paragraph 72.

73. American-Amicable denies the allegations in Paragraph 73.

74. American-Amicable denies the allegations in Paragraph 74.

75. American-Amicable denies the allegations in Paragraph 75.

**COUNT I**
**TCPA NATIONAL DO NOT CALL REGISTRY**
**47 U.S.C. § 227(c) AND 47 C.F.R. § 64.1200(c)**

76. Responding to Paragraph 76, American-Amicable incorporates by reference its above responses as if stated herein verbatim.

77. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 77, and therefore, denies the same.

78. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 78, and therefore, denies the same.

79. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 79, and therefore, denies the same.

80. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 80, and therefore, denies the same.

81. Responding to Paragraph 81, American-Amicable states only that it has no record of a prior application for life insurance submitted by Plaintiff or subsequent policy that was issued. American-Amicable denies any allegations in Paragraph 81 inconsistent with the above.

82. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 82, and therefore, denies the same.

83. American-Amicable denies the allegations in Paragraph 83.

84. American-Amicable denies the allegations in Paragraph 84.

85. American-Amicable denies the allegations in Paragraph 85.

86. American-Amicable denies the allegations in Paragraph 86.

87. American-Amicable denies that Plaintiff is entitled to the relief sought in Paragraph 87, or to any relief.

88. American-Amicable denies that Plaintiff is entitled to the relief sought in Paragraph 88, or to any relief. American-Amicable denies the allegations in Paragraph 88 to the extent they allege that American-Amicable committed willful or knowing violations of law.

## COUNT II
## TCPA INTERNAL DO-NOT-CALL REQUEST VIOLATIONS
## 47 U.S.C. § 227(c) AND 47 C.F.R. § 64.1200(d)

89. Responding to Paragraph 89, American-Amicable incorporates by reference its above responses as if stated herein verbatim.

90. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore, denies the same.

91. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and therefore, denies the same.

92. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and therefore, denies the same.

93. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and therefore, denies the same.

94. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore, denies the same.

95. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and therefore, denies the same.

96. American-Amicable denies the allegations in Paragraph 96.

97. American-Amicable denies the allegations in Paragraph 97.

98. American-Amicable denies the allegations in Paragraph 98.

99. American-Amicable denies the allegations in Paragraph 99.

100. American-Amicable denies that Plaintiff is entitled to the relief sought in Paragraph 100, or to any relief.

101. American-Amicable denies that Plaintiff is entitled to the relief sought in Paragraph 101, or to any relief. American-Amicable denies the allegations in Paragraph 101 to the extent they allege that American-Amicable committed willful or knowing violations of law.

## COUNT III
## FLORIDA TELEPHONE SOLICITATION ACT
## FLA. STAT. § 501.059

102. Responding to Paragraph 102, American-Amicable incorporates by reference its above responses as if stated herein verbatim.

103. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore, denies the same.

104. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore, denies the same.

105. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and therefore, denies the same.

106. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and therefore, denies the same.

107. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and therefore, denies the same.

108. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 108, and therefore, denies the same.

109. Responding to Paragraph 109, American-Amicable states only that it has no record of a prior application for life insurance submitted by Plaintiff or subsequent policy that was issued. American-Amicable denies any allegations in Paragraph 109 inconsistent with the above.

110. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110, and therefore, denies the same.

111. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111, and therefore, denies the same.

112. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112, and therefore, denies the same.

113. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 113, and therefore, denies the same.

114. American-Amicable denies the allegations in Paragraph 114.

115. American-Amicable denies the allegations in Paragraph 115.

116. American-Amicable denies the allegations in Paragraph 116.

117. American-Amicable denies the allegations in Paragraph 117.

118. American-Amicable denies that Plaintiff is entitled to the relief sought in Paragraph 118, or to any relief.

119. American-Amicable denies that Plaintiff is entitled to the relief sought in Paragraph 119, or to any relief. American-Amicable denies the allegations in

Paragraph 119 to the extent they allege that American-Amicable committed willful or knowing violations of law.

## DAMAGES

120. Responding to Paragraph 120, American-Amicable acknowledges that Plaintiff is seeking statutory damages. American-Amicable denies that Plaintiff is entitled to the relief sought, or to any relief.

121. Responding to Paragraph 121, American-Amicable acknowledges that Plaintiff is seeking treble damages. American-Amicable denies that Plaintiff is entitled to the relief sought, or to any relief.

122. American-Amicable denies the allegations in Paragraph 122.

123. Responding to Paragraph 123, American-Amicable denies that Plaintiff is entitled to the relief sought, or to any relief.

124. Responding to Paragraph 124, American-Amicable denies that Plaintiff is entitled to the relief sought, or to any relief.

## EXHIBITS

125. Responding to Paragraph 125, American-Amicable makes reference to the exhibits identified in the paragraph and denies any allegations inconsistent therewith.

126. Responding to Paragraph 126, American-Amicable acknowledges that Plaintiff has redacted some of the exhibits to the Amended Complaint, but states that it is unaware of the information redacted.

**DEMAND FOR JURY TRIAL**

127. The Plaintiff's jury demand in Paragraph 127 does not require a response from American-Amicable.

**PRAYER FOR RELIEF**

128. American-Amicable denies Plaintiff is entitled to any relief from American-Amicable, including the relief sought in sections A-F of the unnumbered paragraph beginning with "WHEREFORE."

**REQUEST FOR LEAVE TO AMEND**

129. Paragraph 128 does not require a response from American-Amicable.

## AFFIRMATIVE DEFENSES

**FIRST DEFENSE**
**(Failure to State a Claim)**

130. Plaintiff has failed to state a claim upon which relief can be granted, and, therefore, the claims against Defendant should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**
**(Consent)**

131. Plaintiff's claims are barred, in whole or in part, by Plaintiff's requisite

permission or consent to be contacted either by providing express consent, written or verbal, or by engaging in actions which demonstrated her consent.

**THIRD DEFENSE**
**(No Injury)**

132. Plaintiff's claims are barred, in whole or in part, because she suffered no legally cognizable injury. To the extent Plaintiff sustained any damages, which is denied, such damages are *de minimis* and not actionable.

**FOURTH DEFENSE**
**(Lack of Private Right of Action)**

133. Plaintiff is not entitled to recover based on alleged violations of the TCPA and applicable regulations for which there is no private right of action. Additionally, the Plaintiff is not entitled to recover based on alleged violations of the Florida statutes referenced in the Amended Complaint for which there is no private right of action.

**FIFTH DEFENSE**
**(Equitable Defenses)**

134. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, consent, and unclean hands. Among other things, Plaintiff invited and welcomed the alleged telephone calls in an effort to manufacture and pursue litigation.

**SIXTH DEFENSE**
**(Not a Residential Line)**

135. Plaintiff's claims fail because she cannot prove that a telephone number belonging to a residential telephone subscriber was called or that the alleged calls were made to a residential line.

**SEVENTH DEFENSE**
**(Applicable Statutes and Regulations)**

136. American-Amicable pleads the applicability of all relevant parts of the prior versions of the TCPA, its implementing regulations, FTSA, placing restrictions on telephone calls that may have been in effect during the time of the events alleged in the Plaintiff's Amended Complaint.

**EIGHTH DEFENSE**
**(Applicable Federal Exemptions and Exceptions)**

137. American-Amicable incorporates by reference herein all provisions set forth within the TCPA and its implementing regulations (including prior version of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth thereunder.

**NINTH DEFENSE**
**(Applicable State Exemptions and Exceptions)**

138. American-Amicable incorporates by reference herein all provisions set forth in the FTSA (including prior versions and applicable regulations) and relies

herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth thereunder.

**TENTH DEFENSE**
**(Exceptions to Do-Not-Call Registry Liability)**

139. American-Amicable pleads the applicability of the exceptions to liability set forth in 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

**ELEVENTH DEFENSE**
**(Hobbs Act)**

140. American-Amicable would show that the Hobbs Act cannot be constitutionally applied to deprive American-Amicable of the defenses it has under the TCPA or regulations promulgated thereunder.

**TWELFTH DEFENSE**
**(McCarran Ferguson Act)**

141. American-Amicable pleads the application of reverse preemption of 47 U.S.C. § 227 and related regulations by applicable state insurance laws through the operation of the McCarran Ferguson Act.

**THIRTEENTH DEFENSE**
**(Failure to Mitigate Damages)**

142. Plaintiff’s claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate her alleged damages, and as a result, any judgment for Plaintiff must be reduced by any portion of damages which could have been avoided had appropriate steps been taken.

**FOURTEENTH DEFENSE**
**(Third Party Responsible)**

143. Plaintiff's damages, if any, and none being admitted, were not caused by American-Amicable, but by another person or entity, for whom American-Amicable is not responsible over and whose activities American-Amicable exercises no control and/or has no right to control.

**FIFTEENTH DEFENSE**
**(Lack of Vicarious Liability)**

144. The Amended Complaint fails to state a plausible claim for any liability under any theory of vicarious liability. American-Amicable does not have direct liability under the TCPA or the FTSA or applicable regulations, nor can it have vicarious liability under same based on any agency theory or theory of ratification. Plaintiff cannot meet her burden of establishing that American-Amicable has either direct liability or vicarious liability in this case when it did not control the manner or means by which the alleged telephone calls were made and did not knowingly accept any benefits or otherwise ratify any alleged improper conduct.

**SIXTEENTH DEFENSE**
**(Due Process)**

145. Plaintiff's claims are barred, in whole or in part, because the imposition on American-Amicable of statutory damages and/or exemplary/punitive damages under the TCPA or the FTSA would violate the Due Process provisions of both the United States Constitution and the Florida Constitution.

**SEVENTEENTH DEFENSE**
**(Statute of Limitations)**

146. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

**EIGHTEENTH DEFENSE**
**(FCC Exceeding Authority)**

147. The Plaintiff's claims are barred, in whole or in part, to the extent they are based on orders or regulations that exceed the FCC's delegated authority.

**NINETEENTH DEFENSE**
**(No Willful or Knowing Violation)**

148. American-Amicable has not willingly or knowingly violated any provision, subsection, or regulation under the TCPA or the FTSA, and, therefore, the Plaintiff is not entitled to treble or enhanced damages.

**TWENTIETH DEFENSE**
**(Equitable Allocation and Set Off)**

149. Any damages sustained by the Plaintiff must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than American-Amicable, including third parties, under the principles of equitable allocation, recoupment, set off, proportionate responsibility, and/or comparative fault. American-Amicable is also entitled to a set off of any recovery Plaintiff recovers from other parties or third parties related to the same alleged violations.

**TWENTY-FIRST DEFENSE**
**(First Amendment)**

150. Plaintiff's claims are barred, in whole or in part, because the alleged telephone calls constitute commercial speech protected by the First Amendment of the U.S. Constitution.

**TWENTY-SECOND DEFENSE**
**(Lack of Standing)**

151. Plaintiff lacks standing to assert any claims based on the alleged telephone calls because Plaintiff has not suffered the requisite harm required to confer standing under Article III of the U.S. Constitution.

**TWENTY-THIRD DEFENSE**
**(Lack of Personal Jurisdiction)**

152. The Court lacks personal jurisdiction over American-Amicable, and, therefore, the claims against American-Amicable should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

**RESERVATION OF RIGHTS**

American-Amicable states that, following completion of discovery and investigation into this matter, additional defenses may become available. American-Amicable reserves the right to assert additional defenses that may be discovered in the course of these proceedings.

**[Signature Page to Follow]**

Dated: May 27, 2026

Respectfully submitted,
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
By: _/s/ Shaina Stahl_
Shaina Stahl
Florida Bar No. 77643
390 N. Orange Avenue, Suite 1400
Orlando, FL 32801
(407) 669-4200
shaina.stahl@nelsonmullins.com
shawana.watt@nelsonmullins.com
*Attorneys for Defendant, American-Amicable Life Insurance Company of Texas*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on May 27, 2026, which served a copy on the following:

Sommer Sherwood
1848 Morgan's Mill Circle
Orlando, FL 32825
sherwoodsommer1@gmail.com
*Pro Se Plaintiff*

_/s/ Shaina Stahl_
**SHAINA STAHL, ESQ.**